GENOVESE, Judge.
 

 11 The Defendant, Donald Ray Johnson, Jr., was charged by bill of indictment filed on May 29, 2008, with unauthorized use of a motor vehicle, a violation of La.R.S. 14:68.4. The Defendant entered a plea of not guilty on June 24, 2008. On October 14, 2008, the Defendant withdrew his former plea of not guilty and entered a plea of guilty.
 
 [1]
 
 He was subsequently sentenced, in accordance with the plea agree-
 
 *572
 
 merit, to serve ten years at hard labor to run concurrently with any other sentence previously imposed. A Motion for Appeal was filed and granted on November 21, 2008.
 

 Appellate counsel has filed an
 
 Anders
 
 brief and a motion to withdraw in this matter. For the following reasons, we affirm and grant the motion to withdraw.
 

 FACTS
 

 On March 29, 2008, the Defendant killed Janaver Lynn Ann Distefano, drove away in her vehicle, and subsequently used her bank access card.
 

 ERRORS PATENT
 

 In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find that there are no errors patent; however, the minutes of sentencing are in need of correction.
 

 The minutes of sentencing state, in pertinent part:
 

 AS REQUIRED BY ARTICLE 890.1 OF THE CODE OF CRIMINAL PROCEDURE AND ARTICLE 894.1 D OF THE CODE OF CRIMINAL PROCEDURE, THE COURT DESIGNATED THAT THE CRIME INVOLVED WAS A CRIME OF VIOLENCE AS DEFINED OR ENUMERATED IN R.S. 14:213", AND ALSO INFORMED THE ^DEFENDANT WHETHER, PURSUANT TO THE PROVISIONS OF R.S. 15:571.3, THE DEFENDANT’S SENTENCE IS NOT SUBJECT TO DIMINUTION FOR GOOD BEHAVIOR, AND WHETHER THE SENTENCE WAS ENHANCED PURSUANT TO R.S. 15:529.1 ET SEQ, ARTICLE 893.3, OR ANY OTHER RELEVANT PROVISION OF LAW.
 

 Yet, the transcript of sentencing provides, in pertinent part:
 

 I inform [you] that the crimes of Unauthorized Use of a Motor Vehicle and Unauthorized Use of a Credit Card are not crimes of violence, they are not enhanced sentences and those sentences would be subject to diminution for good behavior.
 

 Due to the disparity between the minutes of sentencing and the transcript of sentencing, the trial court is ordered to amend the minutes of sentencing to accurately reflect the sentencing transcript.
 

 ANDERS
 
 ANALYSIS
 

 Pursuant to
 
 Anders v. California,
 
 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), the Defendant’s appellate counsel has filed a brief stating that she could find no errors on appeal that would support reversal of the Defendant’s conviction or sentence. Thus, counsel seeks to withdraw.
 

 In
 
 State v. Benjamin,
 
 573 So.2d 528, 531 (La.App. 4 Cir.1990), the fourth circuit explained the
 
 Anders
 
 analysis:
 

 When appointed counsel has filed a brief indicating that no non-frivolous issues and no ruling arguably supporting an appeal were found after a conscientious review of the record,
 
 Anders
 
 requires that counsel move to withdraw. This motion will not be acted on until this court performs a thorough independent review of the record after providing the appellant an opportunity to file a brief in his or her own behalf. This court’s review of the record will consist of (1) a review of the bill of information or indictment to insure the defendant was properly charged; (2) a review of all minute entries to insure the defendant was present at all crucial stages of the proceedings, the jury composition and verdict were correct and the sentence is
 
 *573
 
 legal; (3) a review of all pleadings in the record; (4) a review of the jury sheets; and (5) a review of all transcripts to determine if any ruling provides an arguable basis for appeal. Under C.Cr.P. art. 914.1(D) this Court will order that the appeal ^record be supplemented with pleadings, minute entries and transcripts when the record filed in this Court is not sufficient to perform this review.
 

 Pursuant to
 
 Anders
 
 and
 
 Benjamin,
 
 we have performed a thorough review of the record, including pleadings, minute entries, the charging instrument, and the transcripts. The Defendant was properly charged in an indictment, was present and represented by counsel at all crucial stages of the proceedings, and entered a free and voluntary guilty plea after properly being advised of his rights in accordance with
 
 Boykin v. Alabama,
 
 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). Additionally, the Defendant received a legal sentence.
 

 Our review of the record has not revealed any issues which would support an assignment of error on appeal. Thus, appellate counsel’s motion to withdraw is granted.
 

 DISPOSITION
 

 The Defendant’s conviction and sentence are affirmed. Additionally, the district court is hereby instructed to amend the minutes of sentencing to accurately reflect the sentencing transcript.
 

 CONVICTION AND SENTENCE AFFIRMED WITH INSTRUCTIONS. MOTION TO WITHDRAW GRANTED.
 

 ORDER
 

 11After consideration of appellate counsel’s request to withdraw as counsel and the appeal presently pending in the above-captioned matter;
 

 IT IS HEREBY ORDERED that appellate counsel’s motion to withdraw is granted.
 

 THUS DONE AND SIGNED this 30th day of September, 2009
 

 COURT OF APPEAL, THIRD CIRCUIT
 

 /s/ John D. Saunders Judge John D. Saunders
 

 /s/ Jimmie C. Peters Judge Jimmie C. Peters
 

 /s/ James T. Genovese Judge James T. Genovese
 

 [1]
 

 . The Defendant was charged in trial court docket number 144811 with first degree murder and in trial court docket number 144813 with unauthorized use of an access card. These charges arose from the same course of events as the offense of unauthorized use of a motor vehicle and are before this court in appellate court docket numbers 09-159 and 09-161 respectively.